By the Court.
There was no error in the Circuit Court reversing the judgment. It is true that the plaintiff could not in the suit as brought recover compensa *330 tion and damages for the taking or impairment of his easement in the streets named or either of them. This is settled by the previous decisions of this court. See Railway v. O'Harra, 50 Ohio St., 667, and cases there cited. The remedy of the landowner is, in such case, by a proceeding under section 6448, Revised Statutes, to compel condemnation. So that in this view it is immaterial whether the plaintiff had subsequently to the commencement of the suit, conveyed his property to another or not. But his petition was broader than a suit for compensation for the taking of his easement in the streets. It also sought a 'recovery for damages incidental to the running’ and operation of the road in such close proximity to his property, on and along the streets, as by the noise, dust, and sparks emitted from the locomotive, to greatly impair its value. Such damages are within the remedy provided by section 3283, Revised Statutes. They are personal in character and do not attend the land on a conveyance of it to another, so far as they have accrued at the time of the conveyance; and, the suit having been brought within the time limited, the pláintiff was entitled on his petition to recover such damages as he had suffered therefrom. So that while the common pleas did not err, as held by the circuit court, in overruling the demurrer to the answer, as the facts stated in it did not bar a recovery for consequential damages, it was right in holding that the common pleas erred in taking tlie case from the jury, as the evidence tended to show a right in the plaintiff to recover some such damages. On the trial, it will be the duty of the court to carefully distinguish between such dam- ' ages and such as are properly included in the compensation to be awarded for á taking of the *331 easement in the street. The latter passed to the grantee under the deed; the former, to the time of the conveyance, can only, and may be recovered by the grantor.

Judgment affirmed.